Argument of the morning. It's case number five. Two, two case numbers, 22-1086 and 22, 22-80. Yeah. Help me on the last name of your client. If I only have to say it once, Wojciechowicz. Wojciechowicz versus the Attorney General Merrick Garland. Ms. Anderson-Stepanek, nice to see you. You may proceed. Thank you. It pleases the court. As stated, my name is Lorraine Anderson-Stepanek and I am representing Mr. Eugeniusz Wojciechowicz. This is a case that has been in front of this court before on a discretionary matter. And today I'm presenting it on a non-discretionary matter. My client is a lawful or was a lawful permanent resident of 23 years. He's married to a United States citizen, has two children, and she was arrested one time in 2011 for a financial crime that resulted in two years of probation and restitution. Between the years of 2011 and 2019 my client repaid the restitution. He successfully completed his probation and in 2019 he departed the United States. He went to the funeral of his sister who had died by suicide. When he returned he was found inadmissible to the United States. And what I will point out is before he left he was not deportable. The United States government did not make any move to deport him because under our sometimes bizarre Immigration and Nationality Act, as the justices are aware, you aren't always deportable, but you might be inadmissible. And when he presented himself at the border, he was in fact found to be inadmissible based upon his conviction, which constituted that wondrous term of a crime involving moral turpitude. So he presented his case to the immigration judge. He filed a 212H waiver, which is a waiver based upon that he qualified for inadmissibility. He had to demonstrate that his family, specifically his spouse would experience extreme and unusual hardship and it was denied. He appealed that to the board of immigration appeals and he then his case was denied by the board saying that the judge had used their discretion appropriately for that. And then it was appealed to this court and this court also dismissed the appeal because it was a discretionary issue. The court found that they really couldn't review what had happened because of the fact that again, going back to our Immigration and Nationality Act, this court doesn't have the authority to look at discretionary issues. My client was in detention throughout all of this. A year and a half is the time period that he was in detention for trying to resolve this issue. During that period, he filed a pardon. He had had, you know, the appropriate amount of time that he had showed that he had changed character, that he had fulfilled all the requirements under his sentence and he applied for a pardon, an executive pardon. Okay. And that's an important term of art for all purposes that I'll mention later. On the, I think with it, we, the background that you've provided, I think completely accurate. It aligns with what we've seen in the briefs. He still runs back into the statutes though, does he not? Well, because of the, because section 1227 dealing with removability, right, would that would be deportability, but 1182 is inadmissibility. Correct. But 1182 now does not have the waiver authority in it that 1227 has. So that's his challenge, is it not? And you would be right. If we were relying on that, you would absolutely be right. What we are, and I'm going to assume that your honor is fine with me moving on beyond the facts. Okay. So what we would point out is once he received the executive pardon, he became unusual, if you will, in regards to other cases that are similar and that have been cited here is that he is now, and he's still physically, if not legally in the United States, because again, the czar immigration law, we have a distinction. My client at the time that he presented himself for reentry in 2019 was never, even though he was physically here, he was never legally here, right? He was outside of the United States. So when he received that pardon, because he is not legally admitted into the United States, he still falls within the admissibility issue. He is still knocking on the door to seek entry into the United States. Now, if we look at then for instance, 22 CFR 40.21A5 or the foreign affairs manual 302.32B3H, a visa applicant is not ineligible for a visa under IMA 212A2AII or 212A2B. How do you reconcile that though with the statute? So with 11, the provision in 1182 that does not contain the waiver of authority, the peril, the waiver of authority that is present in 1227. I think we can distinguish it. Because the regulation in any executive branch guidance implementing the regulation, it has to be consistent with the statute, does it not? Absolutely, Your Honor. And I wouldn't argue otherwise, but it could be that I'm misunderstanding the question here because we don't have to rely on the pardon waiver because it applies to deportable aliens. No, right. He's inadmissible. I get that. So you, you don't, I know that. You don't have to rely upon 1227. Okay. Okay. And so what, what you're, what I understand you to be arguing is that the pardon is nonetheless of significance to him for the readmission to the United States. Exactly. It is very significant. Okay. Now put that, now make that same argument in statutory terms. Well, I would be referencing the, um, okay, you're asking me instead of the regulation. I, um, for the statutory terms, um, we, and this could be the issue here, Your Honor, is that my client is now seeking entry based upon the original his relationship and having a US citizen and the ability to adjust through an I-130 visa petition filed by his wife. And then we, and the issue is that once he has that pardon, that opportunity is available to him. And that is a change of facts that had not previously been available. And then we timely file that motion because of the exception and the sua sponte ability to file a motion to reopen and reconsider. We timely file that motion to reopen in order for him to seek that remedy of adjustment that he no longer requires a waiver. There is no waiver necessary to my client if he is inadmissible. And not deportable. As an example, when he goes now because he's in Poland, when he goes to the consulate now pursuant to the foreign affairs manual, he will not be found inadmissible because of this pardon. He is no longer inadmissible for that issue. Under the foreign affairs manual, it says that is not ineligible for a visa under INA 212A2AII or 212A2B if she or he has a full and unconditional pardon granted by the president of the US state governor or other person specified in 22 CFR 40.21A5. This is an executive pardon. My client has an executive pardon. The irony is that when this was occurring, he was unlawfully removed during a period of having a stay of deportation. And what happened is when the government unlawfully removed him, they created the need to have another waiver. Now he does have a waiver bar issue. There are a bar issue because he's been removed from the United States and he requires a waiver to come back in after removal. The government created this situation. He would not need the waiver absent the government improperly transporting him to Poland. That's it. Exactly. He, otherwise he would be okay. And I see my time is up. Well, the reason you're saying that, I think in response to judge Lee is because you would say if he was, if he was not removed, we're out of the deportation language today, right? If he's not removed today, he's still in the United States. Then you would invoke the express waiver authority that Congress has embedded in 1227. I would point to the pardon from the Illinois governor. You, you would say that, that, um, he does not have, he can remain here even though he's been convicted of a crime of moral turpitude. And the reason is because of the pardon that the Illinois governor has issued. Actually, no, Your Honor, I would say that he is neither deportable or inadmissible and none of this applies to him. Um, because again, 227 goes back to being applied to those that are deportable. My client was never deportable, has never been deportable. So he doesn't have to rely on that. And then once you take the conviction out of it for the issue of inadmissibility, he's not inadmissible. He just walks in the door. So I guess I'm kind of, again, it's a bizarre situation. Yes. So, um, based upon what Judge Scudero was saying, so take the counterfactual, assume that the government had not physically taken him to Poland, right? So he's here. So what avenue then would be available to him? That would have been the sua sponte reopening by the board of immigration appeals. We did in fact have to demonstrate that there were exceptional circumstances under these facts that would require, the board to reopen and re-examine the case. And our argument is that those existed because we quite literally... And what you would want re-examined is you would want the deportation order terminated. There is no deportation order because it's a... You'd want him to remain in the United States and you'd want him to remain in the United States on the basis of the pardon because the pardon wipes out... His inadmissibility. The prior crime of moral turpitude. Correct. That's what you'd be asking for. Correct, Your Honor. It would be that once that pardon existed, he's no longer inadmissible. That it's honestly can be that simple. And, you know... And the board has the authorities sua sponte to make that determination? They have the determination to determine whether or not the facts have changed and whether or not my client is back. I mean, that's what an immigration judge does every day. Again, Your Honors, I'm, I think, quite a bit over my time and I had reserved... No, we appreciate it very much. We'll give you a minute on rebuttal though. Let's hear from the counsel for the Attorney General. May I please have the court, Your Honors? Tim Rand on behalf of the United States Attorney General. Just before I get into my own argument, what the panel is discussing with opposing counsel is removal that just happened. It has nothing to do with what he's actually challenging in this case. That didn't, what he's challenging is the consequences of his re-entry in 2019 and what happened from there. This current removal is because he was found in admissible order of movement and executed that removal order. So what he wants to do is unwind that. So this removal has nothing to do, it doesn't add to what he's arguing in this case. What he's challenging is the 2019 inadmissibility finding. So... By the way, what, what, did you ever get, um, figure out why it was that the government ended up removing him anyway, even though they made all these representations that they wouldn't? I did. I was concerned about that too when I got the case. So I spoke with ICE counsel who they spoke with and also spoke with others in ICE about what happened in this timeline. And it was just, unfortunately everything was happening last minute and communications weren't received by the right people to halt his placement on the airplane in time. So this was November 27, 2020. It was the day after Thanksgiving. And it was going into the weekend. He filed for his emergency stay at 3.31 PM that day. The board granted at some point after that and he was being staged for removal out of Dallas. And so he did send an email to the, the, uh, general inbox at Dallas ICE and that wasn't received by the actual case officer until about 9.15 that night. He was already on the airplane. The airplane took off at 9.30 PM that night and that deportation officer actually did not even read the email until the next morning. And so there was no way to halt what happened. What about the representation, at least in the briefs I saw about the government saying that he wasn't on the manifest? I spoke with ICE counsel about this and they don't recall that being something that they were, that happened. But what they did say they discussed facilitation of return briefly with petitioners counsel and they never made agreement to that because why would they? They are on the impression that he was, you know, he has his order and he was properly ordered removed. But they said if this court should, you know, if he should, they wanted to wait and see what happened. They're going to wait and see what happens with this court and then whatever the remand happens, then they might facilitate his return based on that. But there was no agreement to return it. It was just, just laying out the policy like, yes, if something happens where you require a remedy, we'll discuss with dilatation of return. Let me ask you this. Assume, let's just assume for discussion purposes only, okay, that we deny the petition. What, what avenue foot of relief, if any, would he have available to him to pursue the facilitation of return? Well, it'd have to be some kind of order, ultimately granting his LPR status back. And I think that's why there really is ultimately no remedy. Like how can he get his LPR status back? He was properly found inadmissible for a crime involving moral turpitude, a CIMT. As the board explained, he had the pardon. They properly found the pardon has no applicability to him because he's inadmissible. As courts have found the plain language of the pardon waiver only applies to deportable aliens. What about this in matter of age decision of the immigration board? How does that factor into this? It hadn't been mentioned yet. A matter of age, it was ultimately not relevant. As the board explained, a matter of age has been abrogated by the pardon waiver. A matter of age is a very old decision from 1956. Still around there though. It's still around. It's a, well it was interpreting a different provision, the old pardon waiver. And I also misdescribed that decision in my brief. I said that they extended it back then to an exclusion ground and a deportation ground, but they actually did not do that. They extended it to two different deportation grounds. So there never is a decision out there that's ever actually extended the pardon waiver to an exclusion ground, which is what today's modern day inadmissibility ground is. Are you relying on what, 1227? Yes. So that, so 1227 is deportation grounds. 1182 is inadmissibility grounds, which was formerly exclusion grounds. And so in matter of age, they don't actually extend the pardon waiver to exclusion grounds. They still keep it within the deportation statute grounds. There was just two different provisions. There was the pardon waiver, and then there was someone who was deportable by virtue of being excludable at the time of entry. So they extended it to that, but it still was two different deportation grounds. So they said that language could be extended to another deportation ground, but they've never actually extended it to an exclusion ground or to an admissibility ground. Historically, Congress has not amended the exclusion grounds, has it, when it has dealt with deportation? Well, there's no more exclusion grounds. They amended it in 1996 to create inadmissibility grounds. Yeah, I know the terminology situation, but it's the same government action. And they usually didn't specifically amend that ground when they amended the deportation ground. The CMT ground? But if something were, if you were not deportable, you were not inadmissible. You would never be subject to both at the same time, no, because you're going to be treated as inadmissible or treated as deportable based on your procedural standing. So you'd never be subject to both at the same time. So it's, so if the, I just want to make sure that this is true, that it's legally irrelevant here. If that airplane had never taken off, we weren't in the holiday weekend, plane never leaves Dallas. And he is, he would, he's in the United States. Okay. Maybe, maybe detained in the United States, but in the United States, could he then have invoked the waiver authority that resides in 1227? No, it is legally irrelevant. So what the board's explaining is that before this all happened, he wanted reopening for sui sponte based on this part. And the board explained, well, we're not going to find this to be an exceptional circumstance to exercise our sui sponte authority. Because first of all, the pardon doesn't mean anything to you. You are moving charged inadmissible. You'd have to be a deportable non-citizen to have the pardon waiver applicable to your case. So it doesn't mean anything to your case legally. We could find it to be an exceptional circumstance on its own. Just the fact that the governor issued you a pardon. But as the board explains, we're not going to find that easy. So the logic doesn't work this way. The crime of moral turpitude renders him inadmissible. Is that part correct? Correct. Okay. And then does the, does the inadmissibility render him deportable? No, he gets removed because it was inadmissibility. So that's where the language can sometimes be confusing. Go with removal then. Is he, is he removable because of the inadmissibility? Yes. Okay. So if he, if he was, had not been removed, he still can't invoke the 1227 authority. You're saying he's got to go back to the, to the kind of step one. He's got to show that he, he is not inadmissible. Sorry for the double negative. He's got to show that he can, that he has status here. You'd have to show that he was ordered under the removed, under the deportation statute 1227 in order to have the pardon waiver applicable to him because that is under 1227. And the pardon waiver specifically says it only applies to 1227. Many courts have interpreted that he was charged under a different statute because of his reentry. And that's ultimately what he's challenging. That's why I interpreted that as an equal protection argument in my brief, because he's saying it's not fair to treat me as inadmissibility. If I would have never left the United States, I would have been charged under 1227 as a deportable alien. But he never. You're saying that's not accurate or it is accurate? That is accurate. By virtue of his visit to Poland and seeking reentry, he was charged under 1192 by virtue of the statute 1101A13, which treats someone, LPR, who's coming back into the United States as inadmissible if they've been convicted of certain crimes. So he's correct. So for admissibility purposes, a pardon does not extinguish a prior conviction for a crime of moral turpitude. No, it does not. And many courts have upheld that. It just simply does not extend to that Congress was playing. It's only for deportation grounds. And so if you view it as an equal protection argument then, because I realize the only argument they have, I think, is that it says it's unfair for me to get this pardon, whatever, just because I was, this mechanism made me inadmissible and the government pointed out there's a really rational basis for that reason, because if Petitioner would have reported his convictions in 2011 when that happened, he would have been placed in deportation proceedings as an aggravated felon. There's two different grounds I can think of. Fraud or deceit. He had a crime of fraud. There's a fraud crimes in excess of $10,000. His was in excess of $100,000. Crimes of forgery. He was convicted of forgery. These all come in different aggravated felony grounds. So I think what you're saying is a practical matter. The, if I'm just saying this colloquial, I'm not saying this legally, the mistake he made was leaving the country. Mistake he made. Yeah. I mean forget the crime of moral turpitude, right? He was convicted of a crime of moral turpitude. If he hadn't been convicted of that, we never even been having the discussion at all. Um, that way. But with that conviction in place, he then left the country. When he seeks reentry or readmission into the country, the flag goes up. Yes. At that point in time. And that's the, that's the problem for him. That is the problem for him because he flew under the radar this whole time, not reporting this conviction because he would have been placed in deportation proceedings and he waited until he was had to come into contact with immigration authorities. Then immigration authorities discovered that conviction. So he tried maybe not to firmly conceal it, but he certainly wasn't forthcoming about it until he was forced to do so. And that's why we say when you're talking about equal protection, it's certainly fair for Congress to say, well, if it's up to that point where we're forced to pull it out of you, they want another opportunity to look at your suitability to your resident United States. And that's why they have that mechanism statute, which treats them as inadmissible because that subjects them to two 12 H. That discretionary relief. And with regard to his being removed from the country and the circumstance we discussed earlier, uh, if he hadn't been moved from the country, then what you're saying is what the law requires to do is deny this petition. And so he would be removed from the country now. Yeah. Nothing would change. Any other questions? I don't think so. Thank you very much. Okay. We'll give you, yeah, we'll give you a full minute on rebuttal. Okay. Just a few things. First of all, I wanted to address all due respect to government's counsel. I spoke to someone on November 27th. Um, many someone says one of the proudest moves of my career, stopping someone from being removed from the United States. So I would recommend maybe he discussed and investigate that a little bit further about what representations were made by ICE. Additionally, my client has never been deportable. If he had not left the United States, the United States government could not have issued him enough, a notice to appear. He, um, under the statute, it's a single scheme that did not take place within five years of him becoming a lawful permanent resident. He was never deportable. Finally, we are not relying on the pardon waiver under 1182. What we are relying on is the, um, fact that an inadmissible alien, if they have a pardon is no longer inadmissible. And it's very clear in, um, under the code of federal regulations under the foreign affairs manual. And it's also what we will be relying upon when we do bring him back as the immediate relative of a lawful permanent resident, um, with the U S citizen wife. But now we have to file a waiver for the removal that occurred because the government unlawfully removed him when he had his stay of deportation, which I would have sought a stay from this court had he still been here. Thank you, your honors. Okay. We appreciate it very much. Thanks to both. Council will take the petition under advisement.